

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL

Gerald C. Mann

Hon. T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Opinion No. O-4677
Re: What is a proper and legal in-
scription to be placed on United
States War Bonds purchased for
the permanent school fund?

Dear Sir:

Your letter requesting the opinion of this depart-
ment on the above stated question reads as follows:

"Recently the Commissioners Court of Hill
County authorized and ordered a portion of the
Hill County Permanent School Fund to be invest-
ed in United States War Bonds. In compliance
with this order application for said bonds was
duly filed with the Federal Reserve Bank.

"As it is necessary to inscribe the bonds
in order to properly identify them as belonging
to a certain fund, I submit for your approval
and request your advice as to which of the two
following inscriptions would be proper and legal:

"(1)  'Treasurer of the County of Hill,
Permanent School Fund
Hillsboro, Texas.'

"(2)  'County of Hill, Texas, Trustee for
the Permanent School Fund under
Article 2824, Vernon's Annotated
Texas Statutes.'

"An early opinion will be greatly apprecia-
ted."

In your letter of June 22, 1942, supplementing the
letter quoted above, you inform us that the Federal Reserve
Bank requires the second inscription as quoted above to be
placed on United States War Bonds purchased with money out of
the permanent school fund.

Article 2824, Vernon's Annotated Civil Statutes, pro-
vides:

"Each county may sell or dispose of the
lands granted to it for educational purposes

in such manner as may be provided by the commis-
sioners court of such county, and the proceeds
of any such sale shall be invested in bonds of
the United States, the State of Texas, the bonds
of the counties of the State, and the independent
or common school districts, road precinct, drain-
age, irrigation, navigation and levee districts
in this State and the bonds of incorporated cit-
ies and towns, and held by such county alone as
a trust for the benefit of public free schools
therein, only the interest thereon to be used and
expended annually."

Section 6 of Article 7 of the State Constitution
reads in part as follows:

". . . Said lands, and the proceeds there-
of, when sold, shall be held by said counties
alone as a trust for the benefit of public schools
therein; said proceeds to be invested in bonds of
the United States, the State of Texas, or counties
in said State, or in such other securities, and
under such restrictions as may be prescribed by
law; and the counties shall be responsible for all
investments; the interest thereon, and other rev-
enue, except the principal shall be available fund."

We quote from Texas Jurisprudence, Volume 37, pages
859 and 860 as follows:

". . . A county is vested with the title
to lands which have been granted to it for educa-
tional purposes. It may sell or dispose of them
in whole or in part, in the manner to be provided
by the commissioners' court. The lands and 'the
proceeds thereof, when sold, shall be held by said
counties alone as a trust for the benefit of public
schools therein'; that is, the gross proceeds - the
entire purchase money - must be preserved as a
trust for the schools of the county. The counties
are, however, mere trustees, and the public free
schools are the beneficiaries. . . ."

We quote from the case of Potter County v. C. C.
Slaughter Cattle Co., (Com. of App. of Texas, Sec. B) 254 S.W.
775:

"The counties are granted power by the Con-
stitution 'to sell or dispose of its lands.' The

schools are the institutions of the state es-
tablished in the counties, and, as a part of the
state's governmental policy, maintained in part
from taxes and other fund directly furnished by
the state, and in part from interest on the funds
realized from the lands intrusted by the state
to the management of the commissioners' courts of
the counties as instrumentalities in executing
said policy. The counties are thus trustees for
the benefit of the state schools. . . . As such
trustees their powers must be strictly construed.
They may neither divest themselves of the powers
conferred nor assume powers not conferred. Com-
missioners' courts shall 'exercise such powers
and jurisdiction over all county business as is
conferred by this Constitution and the laws of
the state or as may be hereafter prescribed.' . . ."

In view of the foregoing it is our opinion that the
counties are trustees for the benefit of the state public
free schools and the following inscription: "County of Hill,
Texas, Trustee for the Permanent School Fund under Article 2824,
Vernon's Annotated Texas Statutes" required to be placed on
United States War Bonds purchased by money out of the permanent
school fund is the proper and legal inscription to be placed on
said bonds.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams, Assistant

AW:GO:wb

APPROVED JUL 1, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE

By BWB    Chairman